**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4734**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL LEVERETTE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Malcolm J. Howard, Senior District Judge.  (2:17-cr-00019-H-2)

Submitted:  December 19, 2019          Decided:  December 23, 2019

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura E. Beaver, BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Leverette pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012), and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Leverette to 264 months' imprisonment. On appeal, Leverette challenges his § 924(c) conviction, arguing that Hobbs Act robbery is not a crime of violence under § 924(c). We affirm.

Section 924(c)(3) provides two definitions of the term "crime of violence"—the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). Although the Supreme Court recently concluded that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the force clause in § 924(c)(3)(A) remains intact. Shortly after *Davis*, we held in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *petition for cert. filed*, No. 19-6423 (U.S. Oct. 28, 2019), that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." Accordingly, Leverette's argument is foreclosed by *Mathis*.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2